UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

JENNIFER M.,

    Plaintiff,

v.

COMMISSIONER OF SOCIAL SECURITY,

    Defendant.

Case No. C22-5622 RAJ

**ORDER REVERSING AND REMANDING DEFENDANT'S DECISION TO DENY BENEFITS**

Plaintiff seeks review of the denial of her applications for Supplemental Security Income. Plaintiff contends the ALJ erred by failing to properly assess her residual functional capacity (RFC) and by failing to find her hearing loss "severe" at step two of the sequential evaluation process. Dkt. 9. As discussed below, the Court **REVERSES** the Commissioner's final decision and **REMANDS** the matter for further administrative proceedings.

## BACKGROUND

Plaintiff is 46 years old, has a limited education, and has worked as a landscape laborer. Admin. Record (AR) 25. On March 26, 2020, Plaintiff applied for benefits, alleging disability as of March 1, 2020. AR 66, 83. Plaintiff's application was denied initially and on reconsideration. AR 80, 100. After the ALJ conducted a hearing on September 8, 2021, the ALJ issued a decision finding Plaintiff not disabled. AR 10–32, 33–64.

**DISCUSSION**

The Court may reverse the ALJ's decision only if it is legally erroneous or not supported by substantial evidence of record. *Ford v. Saul*, 950 F.3d 1141, 1154 (9th Cir. 2020). The Court must examine the record but cannot reweigh the evidence or substitute its judgment for the ALJ's. *Thomas v. Barnhart*, 278 F.3d 947, 954 (9th Cir. 2002). When evidence is susceptible to more than one interpretation, the Court must uphold the ALJ's interpretation if rational. *Ford*, 950 F.3d at 1154. Also, the Court "may not reverse an ALJ's decision on account of an error that is harmless." *Molina v. Astrue*, 674 F.3d 1104, 1111 (9th Cir. 2012).

**1.  RFC Assessment**

    **a.  Alternate Between Sitting and Standing**

Plaintiff contends the ALJ erred in assessing her RFC because it did not incorporate limitations of the medical opinions the ALJ credited. Dkt. 9 at 3–6. Specifically, Plaintiff argues the ALJ erroneously excluded Dr. Staley's and Dr. Hurley's opinion that she is required to alternate between sitting and standing while working. *Id*. at 3.

Dr. Staley provided exertional, postural, and environmental limitations. AR 76–77. Dr. Staley included in his evaluation, "Must periodically alternate sitting and standing to relieve pain and discomfort." *Id*. In the narrative section, Dr. Staley also wrote, "The [claimant] would benefit from alternating sitting/standing to alleviate back/coccyx pain." *Id*. Dr. Hurley affirmed Dr. Staley's opinion and provided the same limitations. *See* AR 93–94.

The ALJ found the exertional and postural limitations of Dr. Staley and Dr. Hurley persuasive, but rejected their opined environmental limitations. AR 24. In pertinent part, the ALJ assessed Plaintiff has the RFC to perform medium work, "except that she can frequently climb ramps and stairs, but never climb ropes, ladders, and scaffolds; she can occasionally stoop,

crouch, crawl, and kneel . . . she should have no concentrated exposure to extreme heat and cold; and should have no exposure to hazards." AR 18. According to Plaintiff, because Dr. Staley and Dr. Hurley opined that she be required to alternate between sitting and standing, and because the ALJ only rejected their environmental limitations her RFC should have also included a limitation to account for her need to alternate between sitting and standing. Dkt. 9 at 3–8.

The Commissioner, however, argues that neither Dr. Staley nor Dr. Hurley assessed that Plaintiff requires a sit-stand option and that they only speculated that Plaintiff "would benefit" from the option. Dkt. 10 at 5. Thus, according to the Commissioner, the ALJ was not required to accommodate their recommendation. *Id*.

The ALJ is responsible for translating and incorporating clinical findings into a succinct RFC. *Rounds v. Commr Soc. Sec. Admin.*, 807 F.3d 996, 1006 (9th Cir. 2015). To the extent that an ALJ accepts a physician's opinion, he or she must incorporate the limitations contained in that opinion into the RFC. *See Magallanes v. Bowen*, 881 F.2d 747, 756 (9th Cir. 1989). But an ALJ does not need to accommodate for a physician's recommendation when assessing a claimant's RFC. *See Carmickle v. Comm'r, Soc. Sec. Admin*, 533 F.3d 1155, 1165 (9th Cir. 2008) (the ALJ does not err in rejecting a physician's proposal when it is framed as a recommendation rather than an imperative); *see also Valentine v. Comm'r of Soc. Sec. Admin.*, 533 F.3d 685, 691-92 (9th Cir. 2009) (an ALJ does not err by excluding recommendations from the residual functional capacity finding).

The issue the Court must consider, therefore, is whether the doctors' opinions included limitations that were intended to be recommendations or imperatives. Dr. Staley and Dr. Haley's opinions included both a recommendation and an imperative regarding Plaintiff's need to alternate between sitting and standing. *See* AR 75, 94. Both doctors recommended that

"[claimant] would benefit from alternating sitting standing," but both also included this statement in their opinions: "*Must* periodically alternate sitting and standing to relieve pain and discomfort." *See* AR 75, 94 (emphases added). Because Dr. Staley's and Dr. Haley's opinions included both a recommendation and an imperative, and because the ALJ did not specifically address as to why the sit-stand option opinion was excluded from Plaintiff's RFC, the Court cannot confidently say that the ALJ properly assessed Plaintiff's RFC.

The Court finds this error harmful because, in finding Plaintiff not disabled, the ALJ relied on the testimony of a vocational expert based on this RFC. AR 26, 61–63. As Plaintiff's RFC was incomplete, the hypothetical question presented to the vocational expert was also necessarily incomplete, "and therefore the AL"'s reliance on the vocational expert's answers [is] improper." *Hill v. Astrue*, 698 F.3d 1153, 1162 (9th Cir. 2012).

        b.     PTSD

Plaintiff also contends the ALJ's RFC assessment is deficient because it does not account for Plaintiff's PTSD, which the ALJ determined was a "severe" impairment at step two. Dkt. 9 at 8–12.

The step-two inquiry is "merely a threshold determination meant to screen out weak claims." *Buck v. Berryhill*, 869 F.3d 1040, 1048 (9th Cir. 2017) (citing *Bowen v. Yuckert*, 482 U.S. 137, 146–47 (1987)). At step two, the ALJ must determine if the claimant suffers from any impairments that are "severe." 20 C.F.R. § 404.1520(c). As long as the claimant has at least one severe impairment, the disability inquiry moves on to step three. *See* 20 C.F.R. § 404.1520(d). The step-two inquiry "is not meant to identify the impairments that should be taken into account when determining the RFC." *Buck*, 869 F.3d at 1048–49. At the RFC phase, the ALJ must consider the claimant's limitations from all impairments, including those that are not severe. *Id.*

at 1049.  "The RFC therefore should be exactly the same regardless of whether certain impairments are considered 'severe' or not." *Id.* (emphasis omitted).  Thus, the fact that an impairment is medically determinable does not necessarily mean that it will impose work-related functional limitations.

Here, the ALJ assessed, in pertinent part, that Plaintiff has the RFC to make occasional and superficial contact with the public and coworkers, with no teamwork or collaborative tasks. *See* AR18.  In assessing Plaintiff's RFC, the ALJ considered notes from when Plaintiff sought treatment for her PTSD symptoms, which described the severity as "mild at worst," treatment notes which stated that Plaintiff was not in acute distress, and an examination which showed that Plaintiff was alert, oriented with normal insight, judgment, mood, and affect.  AR 23 (citing AR 774, 800 –01, 804).  The ALJ also considered and credited the medical opinions of psychological consultants Dr. Lewis and Dr. Nelson, who, in assessing Plaintiffs mental functioning, found that Plaintiff is able to "interact with others on an occasional/superficial basis" and retains the "ability to accept instructions from a supervisor."  AR 78, 97.  When assessing the RFC, the ALJ is only required to incorporate those limitations "for which there was record support that did not depend on [the claimant's] subjective complaints." *Bayliss v. Barnhart*, 427 F.3d 1211, 1217 (9th Cir. 2005); Social Security Ruling 96-8p.  The ALJ's interpretation of the record is supported by the record, therefore the Court finds that the ALJ did not err in assessing Plaintiff's RFC with regards to her PTSD and did not violate SSR 96-8p.

**2.     Step Two**

Plaintiff contends the ALJ erred at step two by declining to find her hearing loss impairment "severe."  Dkt. 9 at 12–16.  A non-severe impairment "does not significantly limit [a claimant's] physical or mental ability to do basic work activities." 20 C.F.R. § 404.1522(a).

ORDER REVERSING AND REMANDING
DEFENDANT'S DECISION TO DENY
BENEFITS - 5

Plaintiff correctly points out that Dr. Lewis and Dr. Hurley found that Plaintiff's hearing loss severe.  AR 72, 95.  However, an ALJ's failure to properly consider an impairment at step two may be harmless where the ALJ considered the functional limitations caused by that impairment later in the decision.  *Lewis v. Astrue*, 498 F.3d 909, 911 (9th Cir. 2007).  Here, in assessing Plaintiff's RFC, the ALJ considered Dr. Lewis's and Dr. Hurley's opinions and found that "the evidence does not support finding any environmental limitations or other deficits related to hearing loss."  AR 24.  Because the ALJ considered Plaintiff's hearing loss determining Plaintiff's RFC, any error at step two is harmless.

## CONCLUSION

For the foregoing reasons, the Commissioner's final decision is **REVERSED** and this case is **REMANDED** for further administrative proceedings under sentence four of 42 U.S.C. § 405(g).

On remand, the ALJ should reassess Plaintiff's RFC by reevaluating the medical opinions of Dr. Staley and Dr. Hurley regarding Plaintiff's need to alternate between sitting and standing.

DATED this 1st day of February, 2023.

The Honorable Richard A. Jones
United States District Judge

ORDER REVERSING AND REMANDING
DEFENDANT'S DECISION TO DENY
BENEFITS - 6